

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00283-CR

ANTONIO THOMAS-EDWARDO MONTOYA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 84th District Court
Ochiltree County, Texas
Trial Court No. 5568, Honorable Curt Brancheau, Presiding

January 28, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Pending before this Court is a motion to withdraw supported by a brief filed pursuant to *Anders v. California*.[1] Pursuant to a plea agreement in April 2023, Appellant, Antonio Thomas-Edwardo Montoya, was placed on deferred adjudication community supervision for three years for the offense of possession of a controlled substance in penalty group 1 in the amount of less than one gram.[2] In August 2025, the State moved

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[2] *See* TEX. HEALTH & SAFETY CODE § 481.115(b).

to adjudicate guilt, alleging thirty-six violations of the conditions of community supervision including failure to notify his community supervision officer of several arrests and repeated failures to report to his community supervision officer.

At a hearing on the State's motion, the State abandoned eleven of its allegations, and Appellant entered pleas of true to twenty of the State's allegations and pleas of not true to the remaining five allegations. After presentation of testimony, the trial court found twenty-two of the allegations to be true, adjudicated Appellant guilty of the original offense, and sentenced Appellant to confinement in a state-jail facility for twelve months and a $2,000 fine.

In support of his motion to withdraw, counsel certifies he has conducted a professional evaluation of the record, and in his opinion, it reflects no potentially plausible basis for reversal of Appellant's conviction. *Anders*, 386 U.S. at 744–45; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the record supports that conclusion. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel has demonstrated he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief and record to Appellant, (2) notifying him of the right to file a pro se response if he desired to do so, and (3) informing him of the right to file a pro se petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408.[3] By letter, this Court granted

---

[3] Notwithstanding that Appellant was informed of his right to file a pro se petition for discretionary review upon execution of the Trial Court's Certification of Defendant's Right of Appeal, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of his right to file a pro se petition for discretionary review. *Id.* at 408 n.22, 411. The duty to send the client a copy of this Court's decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

Appellant an opportunity to exercise his right to file a response to counsel's brief, should he be so inclined. *Id.* at 409 n.23. Appellant did not file a response. Neither did the State favor us with a response.

**ANALYSIS**

By this *Anders* appeal, counsel evaluates the proceedings and candidly concedes there is no reversible error presented in the record. He concludes there are no nonfrivolous grounds to support an appeal.

We too have independently examined the record to determine whether there are any non-frivolous issues which might support this appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (en banc). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree there is no plausible basis for reversal of Appellant's conviction. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

The trial court's Judgment Adjudicating Guilt is affirmed and counsel's motion to withdraw is granted.

Alex Yarbrough
Justice

Do not publish.